# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SCOTT EDWARDS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.:  2:16-CV-0347-VEH |
| | ) |
| **SOUTHEAST FINANCIAL** | ) |
| **CREDIT UNION, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

## I.     Introduction

Plaintiff Scott Edwards ("Mr. Edwards"), who is proceeding *pro se*, initiated this action on February 29, 2016, against Defendants Southeast Financial Credit Union ("SFCU") and Tisha Zello ("Ms. Zello"). (Doc. 1). Mr. Edwards maintains that this court's authority to hear this constructive fraud and unjust enrichment case derives from diversity and federal question jurisdiction. (*See* Doc. 1 at 1 ¶ 2 ("All actions required for this claim are pursuant to 28 U.S.C. § 1332."); *id.* at 1 ¶ 1 ("All actions required for this claim are pursuant to 28 U.S.C. § 1331.")).

Because federal courts are tribunals of limited jurisdiction, "a federal court has an independent obligation to review its authority to hear a case before it proceeds to

the merits." *Mirage Resorts, Inc. v. Quiet Nacelle Corp.,* 206 F.3d 1398, 1400-01 (11th Cir. 2000); *see also Baggett v. First Nat'l Bank of Gainesville,* 117 F.3d 1342, 1352 (11th Cir. 1997) ("The Court *sua sponte* may raise a jurisdiction defect at any time."). Perceiving jurisdictional problems with Mr. Edwards's lawsuit, on March 1, 2016, the court entered an order (Doc. 4), directing Mr. Edwards to show cause no later than March 21, 2016, why his case should not be dismissed without prejudice for lack of subject matter jurisdiction. On March 10, 2016, Mr. Edwards filed a response (Doc. 7) to the court's show cause order. Mr. Edwards also filed several cryptic documents unrelated to the issue of jurisdiction, including a "Verified Mandatory Injunction" (Doc. 6); a "Writ of Error Quae Coram Nobis Residant" (Doc. 8) with 10 attached exhibits (Docs. 8-1-8-10) that mostly pertain to Mr. Edwards's apparent lending relationship with SFCU; and a "Notice" (Doc. 10) that Mr. Edwards "has a right to properly proceed without cost . . . ." (*Id.* at 1 ¶ 1). Finally on March 21, 2016, Mr. Edwards filed an amended complaint. (Doc. 11).

Because, as demonstrated below, these post-show cause order filings fail to carry Mr. Edwards's jurisdictional burden,[1] his case is due to be dismissed without prejudice *sua sponte*.

---

[1] The court limits its analysis below to those filings (*i.e.*, his show cause response and amended complaint) in which Mr. Edwards arguably endeavors to show the existence of subject matter jurisdiction.

2

**II.     Analysis**

As the court previously explained in its show cause order, Mr. Edwards makes no claim for relief that it can readily decipher as appropriately and plausibly arising under federal law. The counts that Mr. Edwards expressly pleads–constructive fraud and unjust enrichment–are claims that arise under state law. Because Mr. Edwards's complaint lacks any connection to federal substantive law, he cannot rely upon § 1331 (*i.e.*, the federal question statute) as a basis for subject matter jurisdiction.

Therefore, subject matter jurisdiction, to the extent that it does exist in this dispute, must be based upon 28 U.S.C. § 1332(a)(1) (*i.e.*, the diversity statute). Section 1332(a)(1) bestows this court with the authority to hear disputes arising under state law when complete diversity of citizenship exists between the adverse parties and the lawsuit meets the amount in controversy threshold. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States[.]").

When evaluating the existence of diversity jurisdiction, a party's state of citizenship, rather than residency, is the key jurisdictional fact. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.");

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough." (citing *Denny v. Pironi*, 141 U.S. 121, 123, 11 S. Ct. 966, 35 L. Ed. 657 (1891))).

Also, the critical timing for verifying citizenship is when the lawsuit is filed, not when the alleged misconduct occurred. *See, e.g., Harris v. Garner*, 216 F.3d 970, 983 (11th Cir. 2000) ("It is well established that the only citizenship of the original parties that matters for purposes of determining <u>whether diversity jurisdiction exists is their citizenship at the time the lawsuit is filed</u>[.]") (emphasis added).

The instant complaint runs afoul of these binding jurisdictional requirements. For example, Mr. Edwards alleges that he "is a <u>resident</u> of the State of Alabama (Doc. 1 at 1 ¶ 4 (emphasis added))[2] and Ms. Zello "<u>was</u> a <u>resident</u> of the State of Tennessee" (*id.* ¶ 5 (emphasis added)) during the time period relating to his claims.

Mr. Edwards's complaint contains further jurisdictional deficiencies with respect to his treatment of SFCU. Mr. Edwards minimally and inadequately alleges that "SFCU <u>was a business</u> of the State of Tennessee" (*id.* ¶ 6 (emphasis added)) during the time period relating to his claims. However, whenever a party sues an

---

[2] The court notes that Mr. Edwards's address of record as reflected on CM/ECF is one located in <u>Tennessee</u> and not Alabama. If Mr. Edwards's true state of citizenship is Tennessee and not Alabama, then the lack of diversity between him and Ms. Zello would prevent him from relying upon § 1332(a)(1) as they would both be citizens of the <u>same</u> state.

entity, special jurisdictional considerations come into play.

For example, Mr. Edwards does not clarify whether SFCU is organized as a business entity under federal or state law. If SFCU is "a corporation chartered pursuant to federal law," then "[i]t would not be a citizen of any state for diversity purposes and diversity jurisdiction would not exist unless the corporation's activities were sufficiently 'localized' in one state." *Loyola Fed. Sav. Bank v. Fickling*, 58 F.3d 603, 606 (11th Cir. 1995) (citing *Westcap Government Securities, Inc. v. Homestead Air Force Base Federal Credit Union*, 697 F.2d 911, 911-12 n.1 (11th Cir. 1983)).[3]

If, on the other hand, SFCU is organized under state law, then "[t]he precise question posed under the terms of the diversity statute is whether such an entity may be considered a 'citizen' of the State under whose laws it was created." *Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S. Ct. 1015, 1017, 108 L. Ed. 2d 157 (1990). Further, for a non-corporate entity organized under state law, then diversity jurisdiction typically "depends on the citizenship of 'all the members,' *Chapman*, 129 U.S., at 682, 9 S. Ct., at 427, 'the several persons composing such association,' *Great Southern*, 177 U.S., at 456, 20 S. Ct., at 693, 'each of its members,' *Bouligny*, 382

---

[3] Factors for "determining whether a federal corporation is localized for diversity purposes" include "the corporation's principal place of business, the existence of branch offices outside the state, the amount of business transacted in different states, and any other data providing evidence that the corporation is local or national in nature." *Loyola*, 58 F.3d at 606.

U.S., at 146, 86 S. Ct., at 273." *Carden*, 494 U.S. at 195-96, 110 S. Ct. at 1021; *see also Carden*, 494 U.S. at 195, 110 S. Ct. at 1021 (rejecting proposition that "court may consult the citizenship of less than all of [an artificial] entity's members" when determining diversity of citizenship of non-corporate entities formed under state law).

Mr. Edwards's amended complaint, which asserts counts for trespass, unjust enrichment, and/or breach of contract[4] against Ms. Zello, SFCU, and a new defendant, Ed Austin ("Mr. Austin"), contains no clearer jurisdictional picture and is likewise deficient. Within this new pleading, Mr. Edwards expresses a desire to replace his initial complaint in its entirety. (*See* Doc. 11 at 1 ¶ 1 (indicating that "[t]his First Amended Action amends by entire substitute of the action filed, as docket entry #1 . . . .")). However, missing from his amended complaint are key jurisdictional facts to support diversity (*i.e.*, allegations about the citizenship of the parties)[5] or federal question jurisdiction (*i.e.*, allegations which substantiate that Mr. Edwards is pursuing a plausible <u>federal</u> claim against Defendants). Neither contending, in an unexplained and conclusory fashion, that the "Court has jurisdiction" (Doc. 11 at 2 ¶ 15), nor Mr.

---

[4] While Mr. Edwards has not entitled the counts in his amended complaint as breach of contract claims, both counts reference the existence of a contract between him and Defendants. (Doc. 11 at 2 ¶¶ 18-19; *id.* at 3 ¶¶ 26-27).

[5] Mr. Edwards does assert damages in excess of the threshold required for the exercise of diversity jurisdiction. (Doc. 11 at 4 ¶ 32); *see also* 28 U.S.C. § 1332(a) (providing that "district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . .")

Edwards's making "contact[] with the United States Post Office pending a mail fraud investigation" (*id.* at 2 ¶ 14) saves Mr. Edwards's lawsuit from being dismissed for want of subject matter jurisdiction.

Further, Mr. Edwards response to the show cause order does nothing to cure the court's jurisdictional concerns outlined in the show cause order and again above. Instead, Mr. Edwards lists 26 paragraphs that purport to contain legal concepts and indicates that this court "on its own motion, takes judicial notice of [them.]" (Doc. 7 at 1). Mr. Edwards makes no effort to explain how any of these paragraphs relate to the state law claims asserted in his complaint (Doc. 1), much less how they establish the existence of subject matter jurisdiction.

To the extent that Mr. Edwards makes vague references to federal law in his response (*see, e.g.*, Doc. 7 at 2 ¶ 18 ("Supremacy Clause, U.S. Constitution Article VI, Clause 2"); *id.* ¶ 19 ("Due Process, U.S. Constitution Amendment V"); *id.* ¶ 20 ("Findings of Fact and Conclusions of Law, FCRP 6 Rule 52")), such fleeting fragments are ineffective to show jurisdiction. Merely mentioning a constitutional provision or a federal rule in a show cause response, without providing factual detail that is comprehensible, does not transform his lawsuit into one that plausibly states a federal claim, especially when Mr. Edwards's complaint <u>and</u> amended complaint, at best, only assert <u>state law claims</u>.

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Despite filing a show cause response and an amended complaint, Mr. Edwards still has not demonstrated how this court can appropriately exercise federal jurisdiction over his dispute. Thus, Mr. Edwards has not carried his burden and a *sua sponte* dismissal of his case without prejudice is required. *See* FED. R. CIV. P. 12(h)(3) (providing that in the absence of subject matter jurisdiction, "the court <u>must</u> dismiss the action.") (emphasis added); *see also Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (same).

## III. Conclusion

Because Mr. Edwards has invoked the jurisdiction of this court, and because his response to the show cause order and amended pleading do nothing to cure his case's numerous jurisdictional deficits that the court has previously pointed out to him, Mr. Edwards's lawsuit is due to be dismissed without prejudice *sua sponte*. As this dismissal is a "without prejudice" one, this means that the merits of Mr. Edwards's claims against Defendants, if any, are not barred from further litigation in state or federal court by such an order. Further, in the absence of subject matter jurisdiction Mr. Edwards's Verified Mandatory Injunction is due to be termed as

moot. Finally, the court will enter a separate order of dismissal consistent with this memorandum opinion.

    **DONE** and **ORDERED** this 22nd day of March, 2016.

                                     **VIRGINIA EMERSON HOPKINS**
                                     United States District Judge